LENA MANEWITZ, Plaintiff, *v.* CHEVRA AHAWATH ABRAHAM B'NAI KOLO, INC., et al., Defendants.

Supreme Court, Trial Term, Kings County, March 16, 1949.

*David Hantgan* for plaintiff.

*Otterbourg, Steindler, Houston & Rosen* for Chevra Ahawath Abraham B'Nai Kolo, Inc., defendant.

*Roe & Kramer* for Highland View Cemetery Corporation, defendant.

F. E. JOHNSON, J.  Plaintiff paid $200, the cost of grave 69, to the secretary of defendant in 1920 and received an informal handwritten receipt; in the absence of company records to the contrary, the presumption of regularity requires finding a corporation sale of rights thereto.  She seems to have had no contact with defendant thereafter till recently, when she found the grave occupied; the presumption must be indulged that this happened with the knowledge and consent of the defendant, through the act of the undertaker which it supplied at such burial.  Defendant cannot, of its own act, restore the grave to its former unused condition, and has broken its contract, and is guilty of a continuing trespass, for which it is liable in damages.  There is no basis given for computing the value of this use by another person since 1942.  The evidence does not show the plot to be at any time worth more than $200.  As a matter of law all other claims for pain, suffering, etc., are dismissed as not recoverable under the decisions.  Whether or not, and with or without permission, plaintiff placed a marker on the grave before 1942 seems unimportant since defendant must, at its peril, not sell or use plaintiff's grave; however, plaintiff has not shown necessary permission to put up a marker.  Plaintiff can sue for the cost, as if the grave had been wholly destroyed by defendant; physically the grave is now unusable since only one burial therein is allowed, yet plaintiff still has legal title thereto; she cannot keep the grave and demand her payment back, and, since there is some uncertainty whether this is an

action based on rescission, plaintiff should now elect. If she sues only for the trespass, her damages to date are fixed at six cents; if she sues on rescission, they are placed at $200 with interest since the 1942 invasion of her rights. These claims are mutually exclusive and plaintiff may enter judgment thereon at her election. If she sues for return of her payment, she may enter judgment for $200.06 as total damages; if she sues only for damages, retaining title, she may enter judgment for six cents as her total. The decision in *Grawunder* v. *Beth Israel Hospital Assn.* (242 App. Div. 56), relating to mutiliation of a corpse, is not in point.